DOBRES *v.* SCHWARTZMAN ET AL.

[No. 178, October Term, 1947.]

20

Decided June 16, 1948.

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Hyman Ginsberg* and *Paul N. Weiner,* with whom were *Ginsberg & Ginsberg* on the brief, for the appellant.

*Thomas N. Biddison, City Solicitor of Baltimore* and *Hamilton O'Dunne, Assistant City Solicitor of Baltimore,* for appellees, Mayor and City Council of Baltimore.

*Charles D. Harris,* with whom were *Chase Thomas* and *James B. Maginis* on the brief, for all other appellees.

GRASON, J., delivered the opinion of the Court.

Mrs. Ada M. Dobres (appellant) and her husband, Samuel Dobres, own a brick dwelling which fronts nineteen feet on Garrison Boulevard, Baltimore, Maryland, with a depth of thirty feet; it is thirty feet high and has two stories. It is known as 4108 Garrison Boulevard, and is in a residential use district. They have owned and resided in this property for nine and a half years.

The appellant desires to change a rear room on the second floor of this dwelling, for the purpose of conducting a beauty shop as a home occupation. She applied to the Buildings Engineer for a permit, which was refused, and thereafter appealed to the Board of Zoning Appeals. The application was protested, a hearing on the matter held, and the Board passed a resolution which, among other things, stated:

"Owner resides on the premises, will do the work in her home without alterations to give it the appearance of a place of business, no employees, not (no) outside advertising structures, work by appointment only, to be carried on not as a business but as a home occupation. As such the Board approves this application on condition that when this applicant ceases to do the work the permission herein granted shall terminate and the building thereafter to be used for residence."

An appeal was taken to the Baltimore City Court, and that court reversed the ruling of the Board, and from its action the case comes here.

Paragraph 8 of the Baltimore City Zoning Ordinance 1247 provides:

"(d) no building shall be altered where such alteration is arranged, intended or designed to change any use into a use, for— * * *

44. * * * beauty parlor * * *"

Paragraph 9 permits accessory uses. It defines accessory uses as uses which are customarily incident to resident use, and includes within the definition activities of those engaged in professions in their homes, and customary home occupations. The appellant contends that the use to which she proposes to put this property is a customary home occupation; and further, that beauty culture is a profession; and that she is entitled to use her property as a beauty parlor because beauty culture is a profession.

The provisions of Paragraphs 8 and 9 of the Ordinance, as quoted above, are perfectly plain. By Paragraph 8 the operation of a beauty parlor in a residential use district is prohibited, and that prohibition excludes, in such a district, the operation of such a business, whether it be a large or small business, and whether the operator applies full time to it, or whether it is operated on spare time only. The intention of the Ordinance is clear, that such business shall not be conducted in a residential use district. There is an exception in Paragraph 8, which has no application here.

Paragraph 9 provides for certain uses which are accessory to the use of a home. Among said uses are: "the activities of those engaged in professions in their homes" and "customary home occupations". These provisions do not alter, change, or modify the prohibition contained in Paragraph 8 against the operation of a beauty parlor in a home in a residential use district. We need not determine the abstract question whether a "beautician" is a member of a profession, or whether the operation of a beauty parlor in any circumstances may be a customary home occupation. It is sufficient to say that State law, and a regulation which appellant proposes to obey,

prevent the operation of a beauty parlor as a home occupation or an accessory use. It is "unlawful for any person to practice beauty culture * * * in any place other than a registered beauty shop". Code, Art. 42, sec. 479. It is unlawful to "use for residential purposes any room used wholly or in part as a beauty shop". Section 489. A rule of the State Board of Hairdressers and Beauty Culturists requires that each beauty shop be designated by a sign, clearly visible at the entrance to the establishment. There is no provision of the Ordinance to sustain the action of the Board, and its action in issuing the permit in this case was unlawful. *Lipsitz v. Parr*, 164 Md. 222 at 228, 164 A. 743; *Mayor & City Council v. Shapiro*, 187 Md. 623, 51 A. 2d 273.

The appellant contends that to deprive her of the use of her property for a beauty parlor is unconstitutional. In the case of *Sugar v. North Baltimore M. E. Church*, 164 Md. 487, 165 A. 703, in considering Ordinance 1247, the court, 164 Md. at page 493, 165 A. 705, said:

"The legality of the enactments of the zoning statute rests upon its being a valid exercise of the police power, whose fundamental principal is that it is for the general or common good with respect to some matter of public welfare in relation to the safety, order, and morals of the community. In the effort to bring about the greatest good of the greatest number, collective communal action is indispensable and, therefore, the state requires, and may lawfully exact, of every individual that he submit to such restraints in the exercise of his liberty or of his rights of property as may, under the state and federal constitutions, reasonably be necessary for the common good. *State v. Hyman*, 98 Md. 596, 614, 57 A. 6, 64 L. R. A. 637, 1 Ann. Cas. 742.

"It is upon this principle that the general terms of the ordinance at bar are sustained."

That case was decided on April 5, 1933, and by numerous decisions of this court "the general terms of the ordinance at bar" have been sustained. *Heath v. Mayor & City Council of Balto.*, 187 Md. 296, 49 A. 2d

799; *Hoffman v. Mayor & City Council of Balto.*, 187 Md. 593, 51 A. 2d 269; *Mayor & City Council of Balto. v. Shapiro*, 187 Md. 623, 51 A. 2d 273; *Dorman v. Mayor & City Council of Balto.*, 187 Md. 678, 51 A. 2d 658; *Lipsitz v. Parr, supra.*

Under the provisions of the 1939 Code, Article 43, sections 471 to 496 inclusive, provision is made for the regulation and control of those engaged in the occupation of "Hairdressers and Beauty Culturists". Without going into these sections it is sufficient to say that we regard them as relating to the matter of public health, and this legislation is a proper exercise of the police power. This being so, the appellant in this case is not deprived of any constitutional right by a refusal of the permit for which she applied.

For the reasons given above, the order of the court below will be affirmed, costs to be paid by appellant.

*Order affirmed, costs to be paid by appellant.*